**MEMORANDUM IN SUPPORT OF CUSTOMER CHALLENGE TO FINANCIAL SUBPOENA IN THE UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| *Edward Thomas Curry, IV* <br><br> Movant <br><br> v. <br><br> *Department of Defense* <br> Respondent | Miscellaneous No. 3:24mc04 <br><br> MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA <br><br> FINANCIAL PRIVACY ACT OF 1978 |

Memorandum of Points and Authorities

### I. A DoD Inspector General Subpoena is the Incorrect Legal Mechanism to Utilize in Support of a Uniform Code of Military Justice Criminal Investigation

Edward Thomas Curry, IV is presently a customer of Navy Federal Credit Union, the holder of the records being requested by the Government. The financial records being sought by the Inspector General division of the Department of Defense (DoD) are being improperly subpoenaed.

The DoD office of Inspector General (IG) is an arm of the DoD which by mission evaluates, monitors, and investigates issues within the DoD relating to the operations of the DoD. They provide leadership and coordination, recommend policy changes, and work to prevent misuse and mismanagement of government resources.[1] The DoD IG derives its authority from the Inspector General Act of 1978, 5 U.S.C. § 402 et seq. The IG's actions ultimately result in recommendations to the Department for corrective action. 5 U.S.C. § 404(e).

The DoD IG is an entity that is empowered to perform administrative investigations regarding issues within the DoD which may need corrective action. To effect their administrative investigations, the DoD IG has the authority to issue administrative subpoenas. Administrative subpoenas for financial information are subject to the procedural requirement of the Right to Financial Privacy Act and require customer notice and an opportunity to contest the subpoena before the record holder releases any responsive documents or information.

---

[1] See https://www.dodig.mil/About/#:~:text=DoD%20OIG%20combats%20fraud%2C%20waste,conducting%20audits%2C%20investigations%20and%20evaluations.

While certain department's Inspector General may conduct criminal investigations, the DoD has within the department multiple law enforcement agencies with special agents who conduct criminal investigations into active-duty service members for suspected violations of the Uniform Code of Military Justice (UCMJ). Each service branch has an empowered law enforcement agency within it who conducts these military criminal investigations. For the Navy, the Naval Criminal Investigative Service (NCIS), for the Army, the Criminal Investigation Division (CID), and for the Air Force, the Office of Special Investigations (OSI).

In this situation, Mr. Curry is an active-duty member of the U.S. Army and he was placed on notice via exhibit (1), customer notice, that he is under investigation for alleged violations of the UCMJ, Articles 107, 121, and 124. These are criminal offenses found in the Uniform Code of Military Justice relating to false official statements, larceny, and fraud against the United States. UCMJ offenses are prosecuted at military courts-martial, which are military tribunals convened under Article I of the U.S. Constitution, vice civilian federal criminal cases whose authority are found under Article III of the U.S. Constitution.

As noted above, the Army's Criminal Investigative Division (CID) is the entity within the U.S. Army who investigates criminal allegations against active-duty service members under the UCMJ. The subpoena in question, while it is signed and purports to be acting on behalf of the DoD IG, it directs Navy Federal Credit Union to produce the records to Special Agent Matthew Saxton, who is an agent with the Army's CID.

Mr. Curry's customer notice cites the UCMJ as the source of the investigation and the subpoena itself directs Navy Federal to produce the records to an Army CID agent. Therefore, it is evident that this is not truly a DoD IG investigation, but rather it is an Army CID military criminal investigation, where the Army CID is, for reasons unknown, attempting to utilize DoD IG administrative subpoena authority.

Historically, the military justice system offered investigators and prosecutors no tool to issue subpoena duces tecum prior to the referral of charges to a court-martial. As such, the work-around practice of utilizing DoD IG administrative subpoena authority to retrieve documents during an investigation was used. At this point, however, the UCMJ has evolved and there exists a procedural mechanism for military investigators and military prosecutors to seek investigative subpoenas before the referral of charges. This authority exists within Article 46, UCMJ, 10 U.S.C. § 846. This authority it procedurally regulated and managed by Rule for Court-Martial 703(g)(3)(C). It contains a specific mechanism for requesting an investigative subpoena in support of a criminal UCMJ investigation.

As such, this Court is empowered to Quash this DoD IG subpoena with direction to the CID agent to utilize the appropriate procedures available to him to seek an investigative subpoena under the authority provided by the UCMJ in support of this UCMJ criminal investigation.

## II. The Requested Subpoena is Overbroad and Not Relevant to a Legitimate Law Enforcement Inquiry

The requested subpoena from the DoD IG is extremely broad and robust. The numerous requests take two pages to capture and include essentially every type and form of document or information that Navy Federal has regarding Mr. Curry. More concerning, the request spans from November 1, 2021 to present—a period of approximately 32 months of financial information.

The expansive list of financial information requested as well as the prolonged time period of the request make this subpoena overbroad. From the information provided in the customer notice, it is also not clear whether this financial information is relevant or necessary to a legitimate law enforcement inquiry. A subpoena may be quashed if it seeks information that is not relevant to the case at hand. *See United States v. Nixon*, 418 U.S. 683, 698 (moving party for subpoena must show that sought-after documents are relevant, and subpoena was made in good faith). A party may contest a subpoena where has a sufficiently important, legally-cognizable interest in the materials sought. *United States v. Johnson*, 53 M.J. 459 (C.A.A.F. 2000).

### Requested Relief

The Movant requests that the Court Quash this subpoena and direct Navy Federal not to release any documents or other information. Should this Court decide not to Quash the subpoena, then the Movant requests that the Court Order Navy Federal to scrupulously redact all financial information, including financial transactions, deposits, expenditures, transfers, etc. which are not directly relevant to the grounds put forth supporting issuing this subpoena.

Respectfully submitted,

_____/s/_____
Robert W. Canoy, Esquire
Virginia State Bar No. 98956
Counsel for Edward Thomas Curry, IV
Law Office of McCormack & McCormack
641 Lynnhaven Pkwy Suite 201
Virginia Beach, VA 23452
Phone: 757-463-7224
Fax: 757-463-5171

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I have mailed or delivered a copy and the attached sworn statement to below:

Navy Federal Credit Union
ATTN: Legal Operations – Subpoenas
820 Follin Lane, SE Vienna, Virginia 22180
Fax Number: 833-619-0719


_____/s/_____
Robert W. Canoy, Esquire
Virginia State Bar No. 98956
Counsel for Edward Thomas Curry, IV
Law Office of McCormack & McCormack
641 Lynnhaven Pkwy Suite 201
Virginia Beach, VA  23452
Phone:  757-463-7224
Fax:  757-463-5171